The BROTHERHOOD OF PAINTERS AND ALLIED TRADES OF AMERICA, LOCAL UNION 1244, AFL–CIO and New Orleans Painters, Paperhangers and Decorators Health and Welfare Fund

v.

STAR PAINTING COMPANY, INC. and Delta Contracting Services, Inc., a/k/a Delta Decorating, Inc.

Civ. A. No. 86–154.

United States District Court,
E.D. Louisiana.

July 28, 1987.

Melanie A. Leavitt, Dennis M. Angelico, Hess & Washofsky, New Orleans, La., for plaintiffs.

G. Phillip Shuler, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., for defendants.

## ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on motion of defendants Star Painting Company, Inc. ("Star") and Delta Contracting Services, Inc., a/k/a Delta Decorating, Inc. ("Delta") for summary judgment seeking dismissal of the claims of plaintiffs, The Brotherhood of Painters and Allied Trades of America ("the Union") and the New Orleans Painters, Paperhangers and Decorators Health and Welfare Fund ("Union Fund"). The Union and Union Fund have brought suit under the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a), and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132, *et seq.*, alleging Star and Delta breached a collective bargaining agreement entered into between Star and the Union and thereafter failed to pay ERISA contributions to the Union Fund. More specifically, the Union alleges that Star, a "union shop," and Delta, a "non-union shop," operate as a single employer or alter-ego which therefore binds Delta to Star's[1] collective bargaining agreement, an agreement Delta

---

**1.** Star is no longer in existence.

has not heretofor acknowledged. As Delta has not been complying with the Star collective bargaining agreement, ERISA contributions have not been paid to the Union Fund by Delta. Star and Delta do not deny plaintiffs' allegations for the purposes of this motion but rather move for summary judgment based on two grounds: 1) The Union's breach of collective bargaining claim is barred by the six month's statute of limitations applicable to "hybrid" claims; and, 2) plaintiffs' claim for delinquent contributions to the Union Fund under ERISA fails as the Union lacks standing to bring this action. For the following reasons, defendants' motion is DENIED.

## DISCUSSION

Defendants seek to apply to plaintiffs' section 301/ERISA claim the six month limitation period announced in *Del Costello v. Inter'l. Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), for a breach of duty of fair representation claim combined with a section 301 breach of collective bargaining claim, commonly referred to as a "hybrid claim." Although the claim at bar is not a hybrid action, defendants argue the application of the *Del Costello* limitation period to the instant case is required by the opinion in *Carpenters Local Union No. 1846 v. Pratt Farnsworth*, 690 F.2d 489 (5th Cir.1982), which held a district court considering a section 301 claim also has jurisdiction to adjudicate certain unfair labor practice allegations incident to the section 301 claim. Defendants' argument fails as the *Pratt-Farnsworth* section 301 turns upon jurisdiction, whereas the *Del Costello* decision focuses on limitation of actions.

In *Del Costello, supra,* the Court held a combination of a breach of duty of fair representation and a section 301 breach of

collective bargaining agreement claims prescribed in six months as provided in 29 U.S.C. § 160(b), as such an action has no closely analogous limitation period in state law.[2] Mr. Del Costello, a teamster, refused to drive his employer's tractor, claiming it was unsafe. The employer, a signatory to a collective bargaining agreement with the Teamsters, discharged Mr. Del Costello, who brought a grievance before a joint union-management committee pursuant to the collective bargaining agreement. After a hearing, Mr. Del Costello was denied relief. Thereafter, Mr. Costello brought suit in Federal District Court alleging: 1) The employer had discharged him in violation of the collective bargaining agreement; and, 2) the union had represented him in the grievance procedure "in a discriminatory, arbitrary and prefunctory manner." [3] 103 S.Ct. at 2286.

The question before the *Del Costello* Court was whether it should apply a state statute of limitation for attacking arbitration awards, a state statute of limitation for breach of contract, or the six month federal limitation for unfair labor practices. The Supreme Court found the allegations against both employers were section 301 breach of collective bargaining claims [4] and, the allegations against the employees' unions were breach of a union's duty to fairly represent its members. The Supreme Court noted normally straight section 301 claims are time barred by the most analogous state statute of limitation, whereas a union's breach of the duty to fairly represent members has a six month limitation period. The Court found the two causes of action with conflicting limitation periods were "inextricably interdependent" in that to prevail, plaintiff must not only show the reasons for the discharge were contrary to the contract, but also must

---

**2.** 29 U.S.C. § 160(b) provides, in part: "no complaint shall issue based upon any unfair labor practices occurring more than six months prior to the filing of the charge with the Board ..."

**3.** Also before the court in *Del Costello* was a similar claim brought by two craft welders, Flowers and King, who asserted their employer had violated their collective bargaining agreement by assigning certain welding duties to em-

ployees in other job categories which resulted in their layoff. Flowers and King's claim went through the union grievance procedure followed by arbitration, both to no avail. Thereafter, the two filed suit in Federal District Court alleging the same dual claim as Mr. Del Costello.

**4.** *See* 29 U.S.C. § 185(a) which provides for suits by and against labor organizations.

carry the burden of demonstrating breach of a duty by the union. 103 S.Ct. 2284 at 2291.

In applying the six month period for "hybrid" actions over both the state limitation period for attacking arbitration and breach of contracts, the *Del Costello* Court relied on its previous opinion *United Parcel v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), which discussed the need for quick resolutions of unfair labor practice claims, such as the suit brought by Mr. Costello. The *Mitchell* Court stated:

[For unfair labor practices] Congress established a limitations period attuned to what it viewed as the proper balance between the national interests in stable bargaining relationships and finality of private settlements, and an employee's interest in setting aside what he views as an unjust settlement under the collective bargaining system. That is precisely the balance at issue in this case. The employee's interest in setting aside the final and binding determination of a grievance through the method established by the collective bargaining agreement unquestionably implicates "those consensual processes that federal labor law is chiefly designed to promote—the formation of the ... agreement and the private settlement of disputes under it." (Citations omitted).

*Mitchell,* 101 S.Ct. at 1568.

The *Del Costello* Court found that the federal limitation period clearly provided closer analogy than the available state statutes, because in *Del Costello,* adopting a state statute would be at odds with the purpose and operation of federal substantive law as outlined in the above *Mitchell* quotation. Nevertheless, the *Del Costello* Court cautioned:

We stress that our holding today should not be taken as a departure from the prior practice in borrowing limitation periods for federal causes of action, in labor law or elsewhere. We do not mean to suggest that federal courts should eschew use of state limitations periods anytime state law fails to provide a perfect analogy. On the contrary, as the courts have often discovered, there is not always an obvious state-law choice of application to a given federal cause of action; yet resort to a state law remains the norm for barring of limitation periods. (Citations omitted).

103 S.Ct. at 2294.

The district court in *Pratt-Farnsworth* found that the determination of a single bargaining unit status was solely within the province of NLRB jurisdiction. Plaintiffs in *Pratt-Farnsworth* raised a section 301/ERISA claim alleging that Farnsworth, a union shop and signatory to a collective bargaining agreement with plaintiffs had "double breasted" a non-union shop called "Halmar," so that Farnsworth could channel low cost work to Halmar. As in the instant case, plaintiffs argued Farnsworth and Halmar should be treated as a single employer or alter-ego of one another so that Halmar's employees could benefit from the Farnsworth collective bargaining agreement. The *Pratt-Farnsworth* Court did not attempt to change the traditional application of analogous state limitation periods for section 301 claims, but rather reversed the district court, holding the district court had jurisdiction to hear a breach of a collective bargaining agreement even when such a claim required the court to make a determination of an appropriate bargaining unit, a determination usually made by the National Labor Relations Board (NLRB). This determination was appropriate because a decision on that issue was essential to the resolution of a breach of contract claim. 690 F.2d at 517.

In both *Pratt-Farnsworth* and the instant case, the non-union shops were not signatories to collective bargaining agreements. Under the single employer and alter-ego doctrine, non-signatories to be party to a section 301 breach of collective bargaining agreement, three qualifications must be satisfied: 1) a claim of a violation of; 2) a contract; 3) between an employer and a labor organization. *See Alvares v. Erickson,* 514 F.2d 156, 161 (9th Cir.), *cert. denied,* 423 U.S. 874, 96 S.Ct. 143, 46

L.Ed.2d 106 (1975). Both the alter-ego [5] and single employer doctrines were created by the NLRB to allow the Board to treat two or more related enterprises as one employer [6] within the meaning of the National Labor Relations Act definition of employer to satisfy the third prong of the above test. The factors the NLRB uses to determine the existence of a single employer status or the existence of an alter-ego situation are: 1) interrelations of operations; 2) common management; 3) centralized control of labor relations; and, 4) common ownership. *NLRB v. Don Burgess Const. Corp.*, 596 F.2d 378, 384 (9th Cir.), *cert. denied*, 444 U.S. 940, 100 S.Ct. 293, 62 L.Ed.2d 306 (1979). A finding of a single employer status does not by itself mean that all sub entities comprising the single employer will be bound by a contract signed alone. Instead, having found that the two employers constitute a single employer for purposes of the National Labor Relations Act, the NLRB must make a determination whether the employees of both constitute an appropriate bargaining unit. *Burgess, supra,* at 386.

■ Defendants in the instant case contend under *Pratt-Farnsworth* that the failure to recognize a single bargaining unit where an alter-ego or single employer exists renders the instant case analogous to a *Del Costello* hybrid action, in that both cases are unfair labor practice claims.[7] Defendants' expansive reading of *Del Costello* and *Pratt-Farnsworth* is in error. *Del Costello* holds that the six month limitation period applies because a combined breach of a collective bargaining agreement and

unfair labor practices have no analogous state limitation period. In the instant case, the essence of plaintiffs' claim is a breach of collective bargaining contract with an unfair labor practice component merely tangential to that breach. In contrast, the Louisiana prescriptive period for contracts is closely analogous to the claim plaintiffs present to this Court.

*Pratt-Farnsworth* reemphasises the importance of judicial enforcement collective bargaining agreements, which in no way diminishes Congress' intent to resolve grievances quickly, as *Del Costello* teaches. The *Pratt-Farnsworth* Court articulated the strong Congressional intent in enforcing section 301 claims:

So great is the Congressional commitment to judicial enforcement of contractual rights enbodied in section 301 that the Supreme Court has upheld the jurisdiction of the federal courts under section 301 even in the face of the NLRB's exclusive jurisdiction to consider actions alleging unfair labor practices. Thus pursuant to section 301, federal courts have independent jurisdiction to decide cases alleging breach of collective bargaining agreements, *even though a breach may also constitute an unfair labor practice ...*

690 F.2d at 517. (Emphasis added).

The *Pratt-Farnsworth* decision does not change the application of analogous state limitation period for section 301 claims, but rather involves the extent of a court's jurisdiction in cases such as the one presently at bar. Accordingly, this Court will apply the

---

**5.** The alter-ego doctrine is based in part on the Supreme Court decision in *Southport Petroleum Co. v. NLRB,* 315 U.S. 100, 62 S.Ct. 452, 86 L.Ed. 718 (1942). In that case, the court held an employer would not be permitted to evade its obligations under the National Labor Relations Act by setting up what appeared to be a new company, but was in *reality, "a disguised continuance"* of the old one. The NLRB typically applies the alter-ego doctrine in situations when ownership of a signatory company changes hands. Although a bona-fide successor is not in general bound by a prior collective bargaining agreement, an alter-ego will so be bound. *NLRB v. Tricor Products, Inc.,* 636 F.2d 266, 269–70 (10th Cir.1980).

**6.** 29 U.S.C. § 152(2) defines "employer" in the National Labor Relations Act and states in part: "The term 'employer' includes any person acting as an agent of an employer directly or indirectly...."

**7.** It is an unfair labor practice not to recognize the union as a bargaining representative of the non-union contractor's employees once the non-union and union shop have been determined an appropriate bargaining unit and unfair labor practices were brought before the NLRB. *Peter Kiewit Sons's Co.,* 231 NLRB 76, 77 (1977).

analogous state prescriptive period for contracts.

 Finally, as to defendants' contention that the Union does not have standing to pursue the ERISA claim before the court, the Trustees of the Welfare Fund have voted to ratify this lawsuit. Accordingly, defendants' argument as to standing is MOOT.